UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

LAURA ANDRES,
*Individually and on behalf of others similarly situated*
    Plaintiff,
-vs-                                                                                          Case No.
                                                      Hon.
                                                     **CLASS ACTION COMPLAINT**
                                                     **DEMAND FOR JURY TRIAL**

SZOTT M59 DODGE, LLC,
    Defendant.

## COMPLAINT & JURY DEMAND

Plaintiff, Laura Andres, individually and on behalf of others similarly situated, states the following claims for relief:

### Jurisdiction

1. This court has jurisdiction under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and 28 U.S.C. §§ 1331,1337.

### Parties

2. The Plaintiff to this lawsuit is Laura Andres who resides in Royal Oak, Michigan.

3. The Defendant to this lawsuit is Szott M59 Dodge, LLC ("Szott") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through the Michigan Department of State,

1

Compliance Division, 3rd Floor Treasury Building, 430 W. Allegan Street, Lansing, MI 48918.

## Venue

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Ms. Andres is a citizen of the State of Michigan.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations as to Szott

7. On or about August 28, 2014, Ms. Andres went to the business place of Szott for the purpose of purchasing a vehicle.

8. She reviewed a brand new Dodge Dart.

9. Ms. Andres completed a credit application for a vehicle.

10. On August 28, 2014, Szott obtained a copy of Ms. Andres' consumer credit report from Trans Union as disclosed on the inquiries log of her Trans Union consumer disclosure.

11. Upon information and belief, on August 28, 2014, Szott sought financing for Ms. Andres from the following institutions (according to the inquiries log of her Trans Union consumer disclosure):

    a. US Bank DS Northeast, 205 West Fourth Stre, Suite 700, Cincinnati,

2

        OH 45202;

    b.    Gateway One Lnding And Fin, 160 N Riverview Dr, Ste 100, Anaheim, CA 92808;

    c.    Suntrust Bank DFS Midwest, PO Box 85526, Richmond VA 23285;

    d.    Drive Financial, 8585 North Stemmons Fwy, Dallas TX 75247; and

    e.    Fifth Third Bank, 38 Fountain Square Plaza, Cincinnati OH 45263.

12. Upon information and belief, on August 28, 2014, Szott sought financing for Ms. Andres from the following institutions (according to the inquiries log of her Experian consumer disclosure):

    a.    Capital One Auto Finance, 3905 N Dallas Pkwy, Plano TX 75093;

    b.    Public Service CR Union, 7665 Merriman Rd, Romulus MI 48174; and

    c.    UP2Drive, PO Box 3608, Dublin OH 43016.

13. Szott denied credit to Ms. Andres on the terms she requested.

14. Szott's denial of credit constituted adverse action for purposes of Ms. Andres' credit application.

15. Szott failed to provide Ms. Andres with a notice of adverse action compliant with the requirements of the Equal Credit Opportunity Act ("ECOA").

16. Szott violated the adverse action requirements of the ECOA.

## **Practice of Szott**

17. It is or was the practice and policy of Szott to:

    a. Take adverse action for purposes of the ECOA as to consumers without issuing appropriate notices under the ECOA.

    b. Fail to issue adverse action notices when otherwise required under the ECOA.

    c. Fail to maintain records of its compliance with the ECOA.

## Class Allegations

18. Ms. Andres incorporates the preceding allegations by reference.

19. Ms. Andres brings this action on behalf of herself and the class of all other persons similarly situated, pursuant to Fed.R.Civ.P.23.

20. Ms. Andres proposes to represent the following class, initially defined as follows:

    All consumers in the State of Michigan, excluding the Court, Counsel and their staff, a) who applied for credit to Szott, as evidenced by inquiries for consumer reports by Szott, b) to whom Szott did not extend credit on the terms requested, and c) for whom Szott has no record of an adverse action notice.

21. The class of persons to be represented are so numerous that joinder of all members is impractical.

22. The Court and Counsel can identify the proposed members of the class easily from the records of Szott as a result of the record keeping requirements

4

applicable to automobile dealers in the State of Michigan and the consumer reporting agencies through whom Szott has made inquiries.

23. The names and addresses of the class members are identifiable through documents that Szott itself maintains, and the class members may be notified of the pendency of this action by mailed notice.

24. The class claims present common questions of law and fact, including whether:

   a. Szott is a creditor for purposes of the ECOA;

   b. Szott issued an adverse action notice to Ms. Andres and the class members;

   c. Szott's standard procedures to issue an adverse action notice were reasonable;

   d. Szott knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and

   e. Szott's conduct constitutes violations of the ECOA.

25. Ms. Andres will fairly and adequately protect the interests of the class, specifically:

   a. Ms. Andres has no adverse interest to the class;

   b. Ms. Andres has retained counsel who is experienced in handling class

        actions and litigation under various Federal Consumer Protection Acts.

   c.    Ms. Andres claims are typical of the claims of each class member, as Ms. Andres has suffered similar injuries to the members of the class she seeks to represent through this action.

26.    The questions of law or fact common to the members of the class predominate over any questions affecting any individual member.

27.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy because no individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Szott because the claim amounts are likely small and involve statutory damages under the ECOA and FCRA, and because management of these claims will likely present few difficulties.

28.    This complaint seeks monetary damages under Fed.R.Civ.P.23(b)(3).

29.    Based upon the preceding allegations, the Court may certify this matter as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.    Likewise, the Court may certify this matter as a class under Fed.R.Civ.P. 23(b)(2), because Szott has acted on grounds generally applicable to the class, making equitable injunctive relief with respect to Ms. Andres and the putative class members appropriate.

31. There is no impediment to certification of the class to be represented.

## **Count I - Equal Credit Opportunity Act (Szott)**

32. Ms. Andres incorporates the preceding allegations by reference.

33. Szott is a creditor for purpose of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

34. Following the receipt of the complete application for credit by Ms. Andres, Szott was required to make a credit decision within 30 days.

35. Based upon that credit application, Szott denied credit, or alternatively refused to extend credit on substantially similar terms to those applied for by Ms. Andres, or alternatively failed to render its credit decision within 30 days.

36. Ms. Andres did not accept any credit from Szott.

37. Szott took adverse action for purposes of the ECOA.

38. Szott failed to issue the adverse action notice to Ms. Andres, which the ECOA requires of users of consumer credit reports who take adverse action.

39. Szott was otherwise required to provide an adverse action notice to Ms. Andres.

40. Szott failed to provide an adverse action notice to Ms. Andres.

41. Szott has inadequate policies or procedures in place to comply with the ECOA's adverse action notice.

42. Szott has failed to maintain proper records of its credit actions in violation of the ECOA.

43. This failure to issue an adverse action notice constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 by Szott; alternatively, this failure to issue an adverse action notice constituted a willful violation of the ECOA, 15 U.S.C. § 1691 by Szott.

44. This failure to properly maintain records constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 *et seq.* by Szott; alternatively, this failure to properly maintain records constituted a willful violation of the ECOA, 15 U.S.C. § 1691 *et seq.*

45. Ms. Andres suffered damages by this violation of ECOA.

## **Count II – Special Request for Equitable Relief (Szott)**

46. Ms. Andres incorporates the preceding allegations by reference.

47. Szott failed or refused to put in place mechanisms to comply with the ECOA's adverse action notice requirements.

48. Those requirements serve as the primary means of record keeping to permit both private litigants and governmental entities to determine whether or not Szott is in compliance with the Act's anti-discrimination purposes.

49. Similarly, the adverse action notice provisions of the ECOA serve an

Case 2:17-cv-13855-BAF-SDD   ECF No. 1, PageID.9   Filed 11/29/17   Page 9 of 10

important consumer education function.

50. These salutatory purposes will be completely defeated if Szott is allowed to continue to operate without compliance.

51. Additionally, Szott will gain an unfair competitive advantage over its competitors if it is permitted to continue operation without bearing the cost of compliance, which are actually born by its market competitors who have complied with the adverse action notice requirements of the ECOA.

52. Accordingly, Ms. Andres requests that the Court enter an appropriate order requiring Szott to issue notices to the class members and enjoining further violations of the ECOA by Szott.

## Jury Demand

53. Laura Andres demands a jury trial in this case.

## Request for Relief

Plaintiff, on her own behalf and on behalf of the members of the Class, requests that this Honorable Court grant the following relief:

    a. *Certify the proposed Class;*

    b. *Appoint Ms. Andres as representative of the Class and the undersigned counsel as counsel for the Class;*

    c. *Award Plaintiff and the Class damages, as allowed by law;*

9

  *d.*  *Award Plaintiff and the Class Attorneys' fees and costs, as allowed by law and/or equity;*

  *e.*  *A declaration that Szott has violated the ECOA and award injunctive relief to prevent further violations;*

  *f.*  *Any other relief as the Court deems necessary, just, and proper.*

         Respectfully Submitted,

         LYNGKLIP & ASSOCIATES,
         CONSUMER LAW CENTER, PLC

         <u>By: /s/ Sylvia S. Bolos</u>
         Sylvia S. Bolos (P78715)
         Attorney for Laura Andres
         24500 Northwestern Hwy, Ste 206
         Southfield MI 48075
         (248) 208-8864
         SylviaB@MichiganConsumerLaw.com

Dated: November 29, 2017